COPY

1 | Aidan W. Butler (SBN 208399)
Attorney at Law
2 | 3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
3 | Telepehone: (213) 388-5168
Telecopier: (213) 388-5178
4 | tocontactaidan@gmail.com

5 | Attorneys for Plaintiff KATHLEEN SHIMOOKA

```
                          FILED
              CLERK, U.S. DISTRICT COURT

                      JAN - 7 2014

              CENTRAL DISTRICT OF CALIFORNIA
              BY                      DEPUTY
```

6

7

8 |              **UNITED STATES DISTRICT COURT**

9 |              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | KATHLEEN SHIMOOKA, an
individual,

12 |

13 |          Plaintiff,

14 |

15 |     vs.

16 | ENHANCED RECOVERY
COMPANY, LLC, a Delaware limited
17 | liability company; and DOES 1-10,
inclusive,

18 |

19 |          Defendants.

20 |

21 |

) CASE NO.:

**CV14-0135** FFM

) **COMPLAINT FOR VIOLATIONS OF**

) **1) THE FAIR DEBT COLLECTION PRACTICES ACT; AND**

) **2) THE ROSENTHAL ACT.**

) **DEMAND FOR JURY TRIAL.**

22 |              **I. JURISDICTION AND VENUE.**

23 |     1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C.

24 | §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28

25 | U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202.

26 |     2. Venue in this District is proper in that Plaintiff's claim arose in this District.

/ / /

27

28

COMPLAINT

## II. THE PARTIES.

3. The plaintiff, KATHLEEN SHIMOOKA ("Plaintiff"), is a natural person. At all relevant times, she resided in the city and county of Los Angeles, California.

4. Defendant ENHANCED RECOVERY COMPANY, LLC ("ERC"), is, and at all times relevant herein was, a Delaware limited liability company.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities  of such defendants when they have been ascertained.  Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants.  All actions of each of the defendants were ratified and approved by the other named defendants.

7. Defendants are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and as defined by California Civil Code section 1788.2( c).

## III. FACTUAL ALLEGATIONS.

8. Plaintiff, who is not a minor, had a home telephone account with AT&T. After Plaintiff voluntarily terminated the phone service, AT&T dunned her for an amount the company erroneously claimed was due (approximately $45.00).   Plaintiff repeatedly disputed that debt directly with AT&T, and refused to pay it.   Without ever addressing Plaintiff's disputes, AT&T contracted with a series of debt collectors

COMPLAINT

to collect the debt.   In response to demand letters from two debt collectors, Plaintiff mailed letters indicating that she disputed the debt, and demanding that their collection efforts cease.   These two debt collectors honored the cease communication letters.

9. Then AT&T turned the disputed debt over to ERC.   ERC wrote a demand letter to Plaintiff on November 28, 2012.

10. On December 5, 2012, Plaintiff wrote a letter to ERC, indicating that she disputed the debt, and demanding that ERC refrain from further communication with her regarding the debt.   Plaintiff mailed the cease communication letter by certified mail, return receipt requested.

11. ERC received Plaintiff's cease communication letter shortly thereafter. The Domestic Return Receipt was signed for (by a signature stamp) by "Lashawnda Lewis" of ERC.

12. ERC ignored Plaintiff's request to cease communication regarding the debt.   On December 11, 2013, ERC sent Plaintiff another demand letter – despite having received the prior cease communication directive – in a further further attempt to collect the same debt.

13.  Both of ERC's letters included the statement, "This is an attempt to collect a debt ."   Furthermore, both of ERC's letters were attempts to collect sums of money that included fees, penalties and interest not authorized by any enforceable contract or statute.

14. Prior to filing this lawsuit, Plaintiff – through her counsel – attempted to resolve this matter outside of court, but such efforts, like the cease communication directive, were blithely ignored by ERC.

## FIRST CLAIM FOR RELIEF

(For Violations of the FDCPA Against ERC and DOES 1 through 5, inclusive)

15. Plaintiff repeats and reincorporates by reference the paragraphs 1 through

COMPLAINT

14 above.

16. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

c) Contacting Plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. §1692c( c);

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

17. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, humiliation, anxiety, and stress, among other things. For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

**SECOND CLAIM FOR RELIEF**

(For Violations of the Rosenthal Act Against ERC and DOES 1 through 5, inclusive)

18. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 17 above.

19. Defendants, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code section 1788.17;

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f and California Civil Code section 1788.17;

c) Contacting Plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. §1692c( c) and California Civil Code section 1788.17; and

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1) and California Civil Code section 1788.17.

20. As a result of defendants' violations of the Rosenthal Act, pursuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

2. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c) and/or Code of Civil Procedure section 490.020.

4. General damages, in an amount subject to proof at trial; and

5. Such other and further relief as the Court deems just and proper.

COMPLAINT

PLEASE TAKE NOTICE that Plaintiff KATHLEEN SHIMOOKA requests a trial by jury.


DATED: January 6, 2014

Respectfully submitted,

By: _____

Aidan W. Butler
Attorney for Plaintiff
KATHLEEN SHIMOOKA

6                    COMPLAINT

COPY

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| KATHLEEN SHIMOOKA, an individual, | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| ENHANCED RECOVERY COMPANY, LLC, a | ) **CV14-0135** FFM |
| Delaware limited liability company; and DOES 1 - 10, | ) |
| inclusive, | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Blvd., Suite 1924
Los Angeles, CA 90010
Tel. (213) 388 - 5168; Fax (213) 388 - 5178
email: tocontactaidan@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

SHEA BOURGEOIS

JAN - 7 2014

Date: _____          _____
                                                          *Signature of Clerk or Deputy Clerk*

1184

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| KATHLEEN SHIMOOKA, an individual, | ENHANCED RECOVERY COMPANY, LLC, a Delaware limited liability company; and DOES 1 - 10, inclusive, |

| (b) County of Residence of First Listed Plaintiff    Los Angeles | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. | Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. |
|---|---|
| Aidan W. Butler (SBN 208399)<br>3550 Wilshire Blvd., Suite 1924,<br>Los Angeles, CA 90010<br>Tel. (213) 388 - 5168; Fax (213) 388 - 5178 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ Amount Unstated

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. section 1692 (Violations of the Fair Debt Collection Practices Act)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | | CV14-0135 | |
|---|---|---|---|---|
| CV-71 (11/13) | | CIVIL COVER SHEET | | Page 1 of 3 |

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?  Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?  Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below. | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below. |
| If none applies, answer question C2 to the right. ➡ | If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

    If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

    If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

                       ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

                       ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

                       ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____   DATE: January 6, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |